IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                CRIMINAL ACTION NO. 5:11-cr-00090-01

JUAN RICARDO ACOSTA,

        Defendant.

**ORDER**

On April 28, 2011, the Defendant, Juan Ricardo Acosta, appeared in person and by counsel, Gary A. Collias, for a hearing on the United States' motion for revocation of an order releasing Defendant on bond, which was entered on April 4, 2011 by the Honorable Magistrate Judge Jennifer C. Guerin of the United States District Court for the District of Arizona, Tucson Division, pursuant to 18 U.S.C. §3145(a).  (*See* Document No. 101.)

I.

The Defendant, Juan Ricardo Acosta, was arrested in Arizona on March 30, 2011, pursuant to a twenty- three count indictment returned in this district charging him as part of a conspiracy to knowingly and intentionally distribute 1,000 kilograms or more of marijuana, in violation of 21

U.S.C. § 846. (Document No. 1.)[1] The Magistrate Judge in that district, the Honorable Magistrate Judge Jennifer C. Guerin, held a detention hearing at the request of Defendant Acosta and subsequently ordered his release, on conditions, to the third-party custody of his mother. The Government moved for, and Magistrate Judge Guerin granted, a stay of that decision until 5:00 p.m., on April 5, 2011, to allow the assigned United States Attorney in this district to move for revocation of that order. The Government so moved and requested a *de novo* review of the issue of pretrial release. On April 5, 2011, this Court granted the instant motion to the extent that the Government sought review of the release order, stayed the April 4, 2011, release order and remanded Defendant Acosta to the custody of the United States Marshal Service for his transport to the Southern District of West Virginia. (Order (Document No. 105.)) On April 25, 2011, upon being advised that Defendant Acosta was in this district and represented by local counsel, the Court scheduled a Review of Detention Hearing for this date.

II.

Section 3145(a)(1) of Title 18 provides, in pertinent part, "[i]f a person is ordered released by a magistrate judge, . . . the attorney for the Government may file with the court having original jurisdiction over the offense, a motion for revocation of the order[.]" When a party seeks review of a magistrate judge's order releasing a defendant, the Court must conduct a *de novo* review. *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989) (en banc); *United States v. Williams*, 753 F.2d 329, 333 (4th Cir. 1985); *see also United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (unpublished) (citation omitted). The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq*,

---

[1] The Indictment includes charges against twenty-two other co-defendants.

(hereinafter "the Act"), provides that a defendant shall be detained, after a hearing, only if a judicial officer finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e)(1). Upon motion of the United States, a detention hearing shall be held in a case that involves, *inter alia*, "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq)[.]"[2] 18 U.S.C. § 3142(f)(1)(C). In such a case, "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community[.]" 18 U.S.C. § 3142(e)(3)(A). The Court's decision in a detention hearing is guided by the factors set forth in 18 U.S.C. § 3142(g), These factors are (1) "the nature and circumstances of the offense charged;" (2) "the weight of the evidence against the person;" (3) "the history and characteristics of the person" including, among other factors, family ties, employment, financial resources, past conduct, criminal history, and whether the person was on release pending trial; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). "For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance or the safety of others or the community, is sufficient; both are not required." *Stewart*, 19 F. App'x at 48 (citation omitted.)

In order to obtain a detention order, the Government must demonstrate (1) by clear and convincing evidence that "no conditions other than detention will reasonably assure the safety of any

---

[2] The Indictment contains a charged offense against Defendant Acosta which exposes him to a statutory term of imprisonment "which may not be less than 10 years or more than life." 21 U.S.C. § 841(b)(1)(A)(vii).

3

other person and the community," *United States v. Simms,* 128 F. App'x 314, 315 (4th Cir.2005) (citing 18 U.S.C. § 3142(f)(2)); or (2) by a preponderance of the evidence that detention is necessary to reasonably assure the appearance of the defendant at future court proceedings. *Stewart,* 19 F. App'x at 48.

### III.

At the outset of the detention hearing, counsel for the Government stated that Defendant Acosta has been charged with an offense punishable by a period in excess of 10 years and that the Government intended to rely on the rebuttable presumption provided by 18 U.S.C. § 3142(e)(3)(A). The Court then called upon Defendant to present argument and/or evidence to rebut the asserted presumption.

Defendant, through counsel, argued that the Pre-trial Services personnel in Arizona were in a better position to ascertain whether there were conditions that would reduce the risk of non-appearance and Defendant Acosta's risk of danger to the community. Defendant also argued with respect to his history and characteristics that the Court should consider, as relevant, his ties in the community of Arizona, where he was arrested, rather than his ties in this jurisdiction, where he has been charged. Counsel also referenced Defendant's employment delivering bread, and offered that Mr. Acosta's family had advised him that they would be able to come up with finances to ensure Defendant Acosta's appearance in this jurisdiction when necessary.

The Court inquired whether Defendant objected to its consideration of the Pretrial Services Report, completed by the Pretrial Services unit in Arizona, as evidence. Defendant did not object to this Court's use of the Arizona Report as evidence, with the qualification that the Court not

consider the representations of Defendant Acosta's previous charges for failing to appear and the information about his employment delivering bread.[3]

No further evidence or proffers were provided by the parties. For the purposes of its determination of Defendant Acosta's detention, the Court considers the Arizona Pretrial Services Report as evidence.

Having considered Defendant's arguments before this Court and the Arizona Pretrial Report, the Court finds that Defendant has not rebutted the presumption found in 18 U.S.C. § 3142(e). As previously stated, Defendant Acosta is charged with the serious offense of conspiring with others to knowingly and intentionally distributing more than 1,000 kilograms of marijuana in the Southern District of West Virginia, an offense that would subject Defendant Acosta to a term of imprisonment of ten years or more, pursuant to the applicable statute. A review of the Pretrial Services Report reveals that Defendant Acosta does not have a previous conviction for drug related offenses; however, he has been convicted on two separate occasions for driving under the influence and a 2006 conviction for four counts of aggravated driving under the influence. As a result of his 2006 conviction, Defendant Acosta was placed on five years probation. Based on the conduct alleged in Count One of the Indictment, the instant offense occurred in or about February 2009 through on or about March 28, 2011. Therefore, the instant offense conduct is alleged to have occurred while Defendant Acosta was serving a term of probation. Defendant Acosta has also been convicted for several traffic violations, disorderly conduct, and underage consumption. While the

---

[3] The Report reflects that Defendant Acosta has been charged on at least two occasions with failing to appear. However, these charges were subsequently dismissed. Additionally, the Report reflects that Defendant Acosta reported to the Pretrial Services officer that he has been unemployed for approximately one and a half years and that he does side work, such as yard work and earns $300-500 per week. However, his fiancé reported that he currently works part-time for a company delivering bread, working three to five hours, four days per week. At the hearing before this Court, Defendant did not provide any evidence of his employment.

report reflects that Defendant Acosta has family ties to Tucson, Arizona, this Court finds that the Defendant's ties to the Southern District of West Virginia, where he will have to appear, are also relevant to this Court's consideration of his detention. There is no dispute that Defendant Acosta does not have any family or community ties to the Southern District of West Virginia.

IV.

Therefore, upon consideration of the factors enumerated at Section 3142(g) of the Act and the argument presented at today's hearing, the Court, based on the evidence contained in the Pretrial Services Report and as stated on the record, **FINDS** that Defendant Acosta has not rebutted the presumption that no condition or combination of conditions will reasonably assure the Defendant's appearance as required in future court proceedings and the safety of the community. Accordingly, the United States Motion for Revocation of Order Releasing Defendant on Bond (Document No. 101) is **GRANTED**, and the release order of Magistrate Judge Guerin is **REVOKED**.

Therefore, this Court **DIRECTS,** pursuant to 18 U.S.C. § 3142(I), that Defendant Acosta be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant Acosta shall be afforded reasonable opportunity for private consultation with counsel and, upon an order of this Court or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant Acosta is confined shall deliver Defendant Acosta to a United States Marshal for the purpose of an appearance in connection with a court proceeding in this matter.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: April 28, 2011

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA