**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHISN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v. CRIMINAL ACTION NO. 5:11-cr-90-1

JUAN RICARDO ACOSTA,

Defendant.

**MEMORANDUM OPININON AND ORDER**

On November 2, 2014, the United States Sentencing Guidelines were amended to reduce the guidelines in Section 2D1.1 by two levels for most drug offenses. (U.S.S.G. Amendment 782, Appx. C). Section 1B1.10 gives retroactive effect to these reductions and sets an effective date of November 1, 2015, for retroactively reduced sentences. On April 21, 2015, the Court entered an *Order* (Document 804) appointing the Federal Public Defender to represent the Defendant and directing the parties to respond with their positions with respect to application of Amendment 782 to the Defendant's case.

The Court has received and considered the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, plea agreement, and the addendum to the PSR from the Probation Officer. In addition, the Court has reviewed the responses from the United States (Document 805) and the Defendant (Document 808), submitted pursuant to the Court's *Order*. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

The Defendant pled guilty to conspiracy to distribute 100kg of marijuana for remuneration, in violation of 21 U.S.C. § 846, on June 15, 2011. The PSR attributed to him between 400 and 700 kilograms of marijuana, which at the time corresponded to a base offense level of twenty-eight (28). He received a three-level enhancement for a leadership role, and a three-level reduction for acceptance of responsibility, resulting in a total offense level of twenty-eight (28). He was in criminal history category III after two points were added because he committed the offense while on probation. His original guideline range was 97 to 121 months. On November 3, 2011, the Court imposed a sentence of ninety-seven (97) months of imprisonment.[1] Under the amended United States Sentencing Guidelines, the Defendant's total offense level is twenty-six (26). The revised Guideline imprisonment range is 78 to 97 months. He is, therefore, eligible for a sentencing reduction.

Subsequent to his arrest for the offense and prior to his sentencing, the Defendant earned his GED while detained at Southern Regional Jail in Beaver, West Virginia. After sentencing, he completed the 40-hour drug education program and has enrolled in the Residential Alcohol and Drug Treatment Program (RDAP)—although he has only completed part of the program. He has also complied with the DNA collection requirement and paid his special assessment in full. He has not received any sanctions nor has he been disciplined while in BOP custody.

In its response, the United States "has no objection to the recalculated range of imprisonment under the United States Sentencing Guidelines." (Document 805 at 1.)

Having considered the Defendant's original and amended guideline ranges, the original sentencing materials, the addendum to the PSR, and the parties' responses, the Court **ORDERS**

---

[1] The Court notes that the *Memorandum of Defendant* (Document 808) erroneously stated that "Acosta was originally sentenced on June 15, 2011." (Document 808 at 1.) Instead, he was sentenced on November 3, 2011 (s*ee* Document 502), while June 15, 2011, was the date he entered his plea.

that the Defendant's base offense level be reduced by two levels to twenty-six (26). After consideration of a three-level enhancement for a leadership role, and a three-level reduction for acceptance of responsibility, the Defendant's new total offense level is **26**. Given his criminal history category of **III**, a revised guideline imprisonment range of **78 to 97 months** is established. The Court further **ORDERS** that the Defendant's sentence be **REDUCED** to **eighty-seven (87) months**. Finally, in accordance with U.S.S.G. § 1B1.10(e)(1), the Court **ORDERS** that the Defendant's release date be no earlier than November 1, 2015.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: July 1, 2015

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA